UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-02036-CAS(SHx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DEAKINS HOLDING PTE LIMITED ET AL. V. NEWNET INVESTMENT GROUP LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Stacy Harrison | | Matthew Adler |

**Proceedings:**     DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 77, filed Feb. 19, 2015)

## I. INTRODUCTION & BACKGROUND

Plaintiffs Deakins Holding PTE Limited, Cristian Moga, C. Manda Holding B.V. and Sebastian Liusnea filed this action on March 17, 2014, against defendants NewNet Investment Group, LLC and NewNet Holdings, LLC (collectively, "defendants"). Dkt. 1. The complaint asserts two claims for breach of contract, one against NewNet Investment, and one against NewNet Holdings. Id. The claims arise out of a dispute as to the correct interpretation of a stock purchase agreement (the "Agreement") entered into by plaintiffs, defendants, and a company known as 3ple-Media, B.V. ("3ple"). Pursuant to the Agreement, plaintiffs transferred their stake in 3ple to defendants, in exchange for a series of payments. The parties disagree about the Agreement's terms governing the calculation of the amount and breakdown of one of the payments, defined in the Agreement as the "Earnout Amount."

The parties filed cross motions for summary judgment in the summer of 2014. Dkts. 22, 36. By order dated July 7, 2014 (the "July 7 order"), the Court denied both motions on the grounds that the Agreement is ambiguous. Dkt. 54 at 9. The Court concluded that it was appropriate to consider extrinsic evidence of the parties' intent in order to resolve the ambiguity, and directed the parties to conduct discovery into such evidence. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-02036-CAS(SHx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DEAKINS HOLDING PTE LIMITED ET AL. V. NEWNET INVESTMENT GROUP LLC ET AL. | | |

In December 2014, both parties submitted supplemental briefing summarizing the relevant extrinsic evidence obtained in discovery, dkts. 66, 67, and also filed supplemental replies, dkts. 68, 69. The Court held a hearing in February 2, 2015. Dkt. 74. By order dated February 4, 2015 (the "February 4 order"), the Court again denied the parties' motions for summary judgment, concluding that the proffered extrinsic evidence had not resolved the ambiguity identified in the Court's July 7 order. Dkt. 75. The relevant background facts are set forth in detail in the Court's July 7 order and February 4 order.

Defendants filed the instant motion for reconsideration on February 19, 2015. Dkt. 77. Plaintiffs opposed this motion on March 9, 2015, dkt. 80, and defendants replied on March 16, 2015, dkt. 81. The Court held a hearing on March 30, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-02036-CAS(SHx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DEAKINS HOLDING PTE LIMITED ET AL. V. NEWNET INVESTMENT GROUP LLC ET AL. | | |

### III.  DISCUSSION

      Defendants contend that reconsideration of their motion is warranted because the Court failed to consider certain material facts.  Mot. Reconsideration at 1.  According to defendants, the "material facts" the Court failed to consider are the terms of the Agreement and whether—considered as a whole and, as required by New York law, from the perspective of one who is cognizant "of the customs, practices, usages and terminology as generally understood in the particular trade or business," Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co., 773 F.3d 110, 114 (2d Cir. 2014)—the Agreement is unambiguous with respect to the Earnout.  See Id.  In support, defendants point to the following language from the February 4 order:

> [D]efendants revive their contention that the language of the Agreement unambiguously supports their interpretation. In effect, defendants ask the Court to reconsider its July 7, 2014 order finding ambiguity and directing the parties to conduct discovery into relevant extrinsic evidence. Defendants, however, have not presented the Court with any of the proper bases for reconsideration of a prior order, as set forth in Local Rule 7–18. The Court thus will not entertain defendants' renewed arguments.

Dkt. 75 at 15, n.6.  Defendants contend that this language is particularly troublesome because the July 7 order interpreted section 1.4(b) of the Agreement "in isolation," and thus the Court did not determine that the Agreement was ambiguous when considered in its entirety.

      The Court concludes that defendants' motion is without merit.  The July 7 order made clear that the Court construed the contract—in its totality—as ambiguous.  See, e.g., July 7 order at 9 ("The Court finds that the Agreement is ambiguous because, as evidenced by the arguments summarized above, the Agreement is 'capable of more than one meaning when viewed objectively [in] . . . the context of the entire integrated agreement.' ") (emphasis added) (citation omitted).  Moreover, footnote 6 of the February 4 order, quoted supra, was not a refusal to consider defendants' argument that the Agreement was unambiguous in light of the parties' proffered extrinsic evidence.  Rather, footnote 6 refers to argument proffered by defendants in section III.A. of their supplemental briefing—in which defendants "incorporate[] by reference [their] summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-02036-CAS(SHx) | Date | March 30, 2015 |
| Title | DEAKINS HOLDING PTE LIMITED ET AL. V. NEWNET INVESTMENT GROUP LLC ET AL. | | |

judgment argument that the contract unambiguously [supports defendants' interpretation] when viewed in the context of the entire agreement." Dkt. 66-1 at 9. Having already rejected that argument in the July 7 order, the Court declined to address it again. Moreover, even if the Court had expressly considered whether the Agreement was ambiguous from the viewpoint of one cognizant of the relevant trade practices, that analysis would not have resolved other possible interpretations of the Earnout. See, e.g., Dkt. 54 at 7, n.3 (noting that Section 1.4 of the Agreement provides that the purchaser " ' shall pay' an Earnout Amount, and makes no mention of the fact that this requirement is subject to any conditions.").

In sum, although the basis for defendants' motion is ostensibly the Court's failure to consider "material facts," it appears that defendants actually take issue with Court's interpretation of the material facts—namely, that the Court was not persuaded by defendants' evidence and argument concerning the Agreement's purported lack of ambiguity. At bottom, defendants' briefing on the instant motion does precisely what Local Rule 7-18 forbids: It "repeat[s] . . . written argument made in support of or in opposition to the original motion." Because defendants have not demonstrated a proper basis under Local Rule 7-18 for reconsidering the February 4 order, defendants' motion is DENIED.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion for reconsideration of the Court's February 4 order denying defendants' motion for summary judgment.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |